


UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JERRY OWENS and SANZANNA TOLES | * | CIVIL ACTION |
| Plaintiffs, | * | NO. 00-0147 |
| VERSUS | * | SECTION "K" (4) |
| R.J. REYNOLDS TOBACCO COMPANY, RJR NABISCO, INC., BROWN & WILLIAMSON TOBACCO CORPORATION, BATUS, INC., BATUS HOLDINGS INC., THE AMERICAN TOBACCO COMPANY, INC., AMERICAN BRANDS, INC., THE COUNSEL FOR TOBACCO RESEARCH – USA, INC., THE TOBACCO INSTITUTE, INC., BRITISH AMERICAN TOBACCO INDUSTRIES, PLC., QUAGLINO TOBACCO AND CANDY COMPANY, INC., IMPERIAL TRADING COMPANY, INC., GEORGE W. GROETSCH, INC., and SCHWEGMANN GIANT SUPER MARKETS, INC. | * | JUDGE DUVAL MAGISTRATE ROBY |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION AND INCORPORATED
## MEMORANDUM TO SET STATUS CONFERENCE

Defendants R.J. Reynolds Tobacco Company ("Reynolds"), R.J. Reynolds Tobacco Holdings, Inc. (formerly known and sued herein as RJR Nabisco, Inc.), Brown & Williamson Tobacco Corporation, individually and as successor by merger to The American Tobacco Company

DATE OF ENTRY
APR 1 0 2001

- 1 -



579716/1

("Brown & Williamson"), Fortune Brands, Inc. (formerly known and sued herein as American Brands, Inc.), BATUS, Inc., BATUS Holdings Inc., The Council for Tobacco Research – U.S.A., Inc. ("CTR"), and The Tobacco Institute, Inc. ("TI"), through their respective counsel, and with full reservation of any and all defenses and objections, including but not limited to insufficiency of process, insufficiency of service of process, lack of personal jurisdiction and improper venue, hereby move for a status conference on the following grounds:

1.

On January 14, 2000, defendants timely removed this case pursuant to 28 U.S.C. §1332 on the ground that the non-diverse defendants, who are wholesalers and retailers of cigarettes, were fraudulently joined in that there was no possibility of recovery against them under Louisiana law.

2.

Plaintiffs then filed a motion to remand, which was set for hearing on March 29, 2000. This motion was briefed by the parties.

3.

On March 27, 2000, prior to any decision on plaintiffs' motion to remand, this Court stayed this matter and ordered the case closed for statistical purposes because of *Badon v. R.J. Nabisco, Inc.*, No. CV98-0215 (W.D. La. 4/17/98), *appeal docketed*, No. 98-30942 (5th Cir. 8/28/98), a potentially relevant case then on appeal before the Fifth Circuit. *See* Minute Entry of March 27, 2000, R.Doc. 17.

4.

In the Minute Entry, the Court also ordered that "the case shall be restored to the trial docket upon a proper motion within 15 days of a final decision being rendered in *Badon*." *Id.* at 2.

5.

On December 21, 2000, the Court of Appeals issued an opinion in *Badon*, reversing the District Court's denial of remand, and finding there to be "arguably a reasonable basis for predicting that plaintiffs might establish redhibition or article 2475 liability against the Louisiana wholesalers under Louisiana law as it stands today." *Badon v. RJR Nabisco, Inc.*, 2000 WL 1868251, *98-10 (5th Cir. Dec. 21, 2000).

6.

On March 1, 2001, the Court of Appeals issued its mandate in *Badon*, making the opinion final.

7.

Although *Badon* is relevant to this case, defendants believe that there may be other grounds for denying remand in this matter that this Court has not yet considered but that are now relevant in light of the Fifth Circuit's decision in *Badon*. These grounds may include, without limitation, whether plaintiffs' claims against the in-state wholesaler and retailer defendants are preempted by the Federal Cigarette Labeling and Advertising Act; whether plaintiff Jerry Owens actually purchased any cigarettes distributed by the in-state wholesaler defendants or sold by the in-state retailer defendant; and whether plaintiffs' claim against the in-state wholesaler and retailer defendants is prescribed.

8.

Defendants respectfully suggest that they should have an opportunity to investigate and brief these issues before the Court rules on plaintiffs' motion to remand. Defendants therefore request that the Court set a status conference for the purpose of determining the procedure for addressing these matters, including the taking of limited discovery on the second and third issues set forth above and the filing of a supplemental opposition to the pending motion to remand. When federal jurisdiction is alleged to exist pursuant to the fraudulent joinder doctrine, it is well-established that the Court must consider two factors: first, is there a cause of action; and second, is there any affirmative defense to the cause of action. *Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.*, 99 F.3d 746, 753 (5th Cir. 1996). As one court explained:

> In *Sid Richardson*, the Fifth Circuit held that once a district court determines that the plaintiffs have successfully stated a claim against the party who allegedly has been fraudulently joined, the court must then determine if defendants have any affirmative defenses barring those claims. "Should the defendants prevail on any of these [affirmative] defenses, it necessarily follows that joinder was fraudulent, and the district court properly exercised its removal jurisdiction." *Sid Richardson*, 99 F.3d at 753.

*Yates v. Southwestern Life Ins. Co.*, 1998 WL 61033 at *2n.1 (E.D.La. Feb. 12, 1998). *Badon*, at most, only answers the first step of the fraudulent joinder inquiry. Defendants should be allowed a short period of discovery and supplemental briefing to address the second inquiry, affirmative defenses.

9.

It is well-settled that when a court is asked to determine whether it has subject matter jurisdiction on the grounds that an in-state defendant has been fraudulently joined,

- 4 -

579716/1

discovery that relates to the allegation of fraudulent joinder is proper. A district court may look beyond or "pierce" the pleadings to consider summary judgment type evidence in analyzing fraudulent joinder. This evidence includes deposition transcripts, written discovery responses and affidavits. The Fifth Circuit has provided that "[I]n support of their removal petition, the defendants may submit affidavits and deposition transcripts; and in support of their motion for remand, the plaintiff may submit affidavits and deposition transcripts along with the factual allegations contained in the verified complaint." *B. Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). "Our decisions subsequent to *B., Inc.* have consistently maintained that a district court may look to evidence outside of the pleadings in determining a fraudulent joinder claim." *Burden v. General Dynamics Corp.*, 60 F.3d 213 (5th Cir. 1995).

10.

In order to allow parties the opportunity to gather this type of evidence to use in fraudulent joinder proceedings, courts routinely defer ruling on a motion to remand to allow short periods of discovery. This includes taking depositions and propounding written discovery, which are necessary to support or refute the fraudulent joinder claim. *See, e.g., Jackson v. Pneumatic Production Corp.*, 2001 WL 238214, *3-4 (E.D. La. 3/6/01) (deferring a ruling on the motion to remand until after discovery and supplemental briefing, and citing *Sullivan v. Gen-Corp.*, 1995 WL 321743 *3 (E.D. La. 5/24/95); Wright & Miller, Federal Practice and Procedure, §3739, p. 470 (1993) (citations omitted) ("when disputed or material issues of fact exist such that motion for remand cannot be decided, court may defer its ruling until evidentiary hearing, discovery, or further presentation by parties renders sufficient and conclusive evidence

to enable informed decision; alternatively court may postpone decision until evidence is submitted at trial")).

**WHEREFORE**, defendants R.J. Reynolds Tobacco Company, R.J. Reynolds Tobacco Holdings, Inc. (formerly known and sued herein as RJR Nabisco, Inc.), Brown & Williamson Tobacco Corporation, individually and as successor by merger to The American Tobacco Company, Fortune Brands, Inc. (formerly known and sued herein as American Brands, Inc.), BATUS, Inc., BATUS Holdings Inc., The Council for Tobacco Research – U.S.A., Inc., and The Tobacco Institute, Inc. pray that a status conference be set in this matter.

Respectfully submitted,

*[signature]*

Phillip A. Wittmann, 13625
Stephen H. Kupperman, 7890, T.A.
Dorothy H. Wimberly, 18509
STONE, PIGMAN, WALTHER,
 WITTMANN & HUTCHINSON, L.L.P.
546 Carondelet Street
New Orleans, Louisiana 70130
(504) 581-3200

Mark A. Belasic
Dennis L. Murphy
Kevin D. Boyce
JONES, DAY, REAVIS & POGUE
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
(216) 586-3939

Counsel for R.J. Reynolds Tobacco Company

579716/1

Carmelite M. Bertaut, 3054
William F. Grace, 6199
Peter J. Rotolo III, 21848
CHAFFE, MCCALL, PHILLIPS,
 TOLER & SARPY, L.L.P.
2300 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163

Of Counsel:

Gordon A. Smith
William E. Hoffman, Jr.
William L. Durham, II
KING & SPALDING
191 Peachtree Street
Atlanta, Georgia 30303
(404) 572-4600

Counsel for Brown & Williamson Tobacco
Corporation, individually and as successor by
merger to The American Tobacco Company,
Fortune Brands, Inc. (formerly known and
sued herein as American Brands, Inc.),
BATUS, Inc., and BATUS Holdings Inc.


Alan H. Goodman, 6131
Thomas M. Benjamin
LEMLE & KELLEHER, L.L.P.
2100 Pan American Life Center
601 Poydras Street
New Orleans, Louisiana 70130
Telephone: (504) 584-9419

Counsel for The Tobacco Institute, Inc.

579716/1

David H. Nelson, 9926
THEUS, GRISHAM, DAVIS & LEIGH
1600 Lamy Lane
P.O. Box 4768
Monroe, Louisiana 71211
Telephone: (318) 388-0100

Counsel for Council for Tobacco Research –
U.S.A., Inc.


Phillip A. Wittmann, 13625
Stephen H. Kupperman, 7890, T.A.
Dorothy H. Wimberly, 18509
STONE, PIGMAN, WALTHER,
 WITTMANN & HUTCHINSON, L.L.P.
546 Carondelet Street
New Orleans, Louisiana 70130
(504) 581-3200

Counsel for R.J. Reynolds Tobacco Holdings, Inc. (formerly known and sued herein as RJR Nabisco, Inc.)

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing Motion and Incorporated Memorandum To Set Status Conference has been served upon all counsel of record by placing same in the United States mail, properly addressed and postage prepaid, or by facsimile transmission or by hand delivery, this 4th day of April, 2001.

_____
Dorothy H. Wimberly

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JERRY OWENS and SANZANNA TOLES | * | CIVIL ACTION |
| Plaintiffs, | * | NO. 00-0147 |
| VERSUS | * | SECTION "K" (4) |
| R.J. REYNOLDS TOBACCO COMPANY, RJR NABISCO, INC., BROWN & WILLIAMSON TOBACCO CORPORATION, BATUS, INC., BATUS HOLDINGS INC., THE AMERICAN TOBACCO COMPANY, INC., AMERICAN BRANDS, INC., THE COUNSEL FOR TOBACCO RESEARCH – USA, INC., THE TOBACCO INSTITUTE, INC., BRITISH AMERICAN TOBACCO INDUSTRIES, PLC., QUAGLINO TOBACCO AND CANDY COMPANY, INC., IMPERIAL TRADING COMPANY, INC., GEORGE W. GROETSCH, INC., and SCHWEGMANN GIANT SUPER MARKETS, INC. | * | JUDGE DUVAL MAGISTRATE ROBY |
| Defendants. | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

## ORDER

Considering the foregoing Motion and Incorporated Memorandum To Set Status Conference filed by defendants R.J. Reynolds Tobacco Company, R.J. Reynolds Tobacco Holdings, Inc., Brown & Williamson Tobacco Corporation, individually and as successor by merger

579716/1

to The American Tobacco Company, Fortune Brands, Inc., BATUS, Inc., BATUS Holdings Inc., The Council for Tobacco Research – U.S.A., Inc., and The Tobacco Institute, Inc.

**IT IS ORDERED** that a Status Conference be set on the 19TH day of APRIL, 2001, at 3:00 o'clock P.m.

**NEW ORLEANS, LOUISIANA**, this 5TH day of April, 2001.

_____
DISTRICT COURT JUDGE

579716/1