

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 APR 26 AM II: 31
APR 2 6 2001
LORETTA G. WHYTE
CLERK

**MINUTE ENTRY**
**DUVAL, J.**
**April 19, 2001**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**JERRY OWENS, ET AL.**                              **CIVIL ACTION**

**VERSUS**                                           **NO. 00-0147**

**R. J. REYNOLDS TOBACCO CO., ET AL.**               **SECTION "K"(4)**

Attending a status conference held this day were:

Perry Nicosia  for plaintiffs;
Stephen Kupperman for R.J. Reynolds Tobacco;
Peter Rotolo for Brown & Williams Tobacco, BATUS, Inc., BATUS Holdings, Inc.; and
Catherine Williams for Quaglino, Imperial and Groetsch.

On March 27, 2000, the Court stayed this matter pending a determination in *Badon v. R.J.R.*

*Nabisco, Inc.*, CV98-0215 (W.D.La. 4/17/98), *appeal docketed*, No. 98-30942 (5th Cir. 8/28/98). A

Motion to Remand was pending at that time. A decision has issued from the Fifth Circuit, and

defendants filed a Motion to Set Status Conference to discuss their belief that limited discovery

should be conducted prior to the Court's ruling on the Motion to Remand. Plaintiffs contend that the

DATE OF ENTRY
APR 2 7 2001



matter should be immediately remanded based on *Badon*.   The Court will treat the Motion to Set Status Conference as a Motion to re-open the case.  As such,

**IT IS ORDERED** that the case is **RE-OPENED** and placed back on this Court's active docket.

As noted by Judge Clement in her recent ruling in *Virginia Ann Scott v. R.J. Reynolds Tobacco, Co., et al.*, C.A. 99-3091 entered on April 3, 2001,  the Fifth Circuit has allowed limited discovery to enable essential facts to be determined concerning whether a district court has jurisdiction.  *See Enterprise Intern., Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 475 (5th Cir. 1985).  Accordingly,

**IT IS FURTHER ORDERED** that discovery **solely** with respect to the following issues shall be allowed:

1)  whether the named distributors are in fact the distributors of cigarettes to plaintiff;

2)  whether the named retailer is in fact the actual retailer of cigarettes to plaintiff; and

3)  whether the claims against the retailer and distributors have prescribed.

**IT IS FURTHER ORDERED** that such discovery shall conclude no later than **June 18, 2001.**  Any motion to be filed based on the discovered materials shall be filed **no later than July 3, 2001 and set for hearing on July 18, 2001.**

2