

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JERRY OWENS, ET AL.** | **CIVIL ACTION** |
| VERSUS | NO. 00-0147 |
| R.J. REYNOLDS TOBACCO CO., ET AL. | SECTION "K"(4) |

### ORDER AND REASONS

Before the Court is a Motion to Remand filed on February 11, 2000, by plaintiffs Jerry Owens and Sanzanna Toles in this matter. (Doc. No. 6). On March 27, 2000, the Court stayed this matter pending a ruling by the United States Court of Appeals for the Fifth Circuit in Badon v. R.J.R. Nabisco, Inc., CV98-0215 (W.D.La. 4/17/98) because the Court found that a decision in that matter would provide substantial guidance in ruling on the subject motion. On Dec. 21, 2000, the Fifth Circuit rendered its opinion. Badon v. R.J.R. Nabisco, Inc., 236 F.3d 282 (5th Cir. 2000). As a result, the Court lifted the stay, ordered additional briefing and reset this motion for hearing. The Court has now reviewed all of the memoranda, exhibits and the applicable law. As such, the Court finds that the Motion to Remand has merit for the reasons that follow.

DATE OF ENTRY
SEP 2 1 2001



## Background

A petition for damages was brought by Jerry Owens ("Owens") and his adult daughter, Sanzanna Toles on December 28, 1999 in the Parish of Washington, State of Louisiana on December 28, 1999. Owens alleges that he began smoking cigarettes at the age of fourteen, that exposure to tobacco products caused him to become addicted, and that he has been injured in that he has been diagnosed with lung cancer. The petition names as defendants R.J.R. Reynolds Tobacco Company ("Reynolds"), Brown& Williamson, The American Tobacco Company, Inc. (which no longer exists having been merged with Brown & Williamson in 1995), American Brands, Inc. (now known as Fortune Brands, Inc.), R.J.R. Nabisco, Inc. (now known as R.J. Reynolds Tobacco Holdings, Inc.), BATUS, Inc., BATUS Holdings, Inc., The Council for Tobacco Research - U.S.A., Inc. (incorrectly referred to as "the Counsel for Tobacco Research - U.S.A., Inc.), British American Tobacco Industries, Inc., and the Tobacco Institute, Inc. They are referred to collectively in the petition as the "Tobacco Companies." All of these defendants are diverse from plaintiffs, both of whom are Louisiana citizens.

In addition, plaintiffs sued Quaglino Candy and Tobacco Company, Inc. ("Quaglino"), Imperial Trading Company, Inc. ("Imperial"), George W. Groetsch, Inc. (Groetsch"), and Schwegmann Giant Super Markets, Inc. ("Schwegmann"). Quaglino, Imperial and Groetsch are Louisiana wholesale distributors of tobacco products. Schwegmann is a Louisiana retailer who sold tobacco products. Defendants contend that these Louisiana defendants were fraudulently joined in order to destroy diversity and they removed the petition to this Court on January 14, 2000 on that basis. Plaintiffs moved to remand contending that they have viable claims against the Louisiana

defendants based on the decision in Badon. Defendants challenge the motion claiming that Badon does not mandate remand and raising new affirmative defenses. The Court now turns to the fraudulent joinder issue.

## Analysis

### Standard to Determine Fraudulent Joinder

The Fifth Circuit has outlined the standard to determine whether a party has been fraudulently joined as follows:

> "where charges of fraudulent joinder are used to establish [federal] jurisdiction, the removing party has the burden of proving the claimed fraud. . . . To prove their allegation of fraudulent joinder [removing parties] must demonstrate that there is no possibility that [plaintiff] would be able to establish a cause of action against them in state court. In evaluating fraudulent joinder claims, we must initially resolve all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party. *We are then to determine whether that party has any possibility of recovery against the party whose joinder if questioned.*"

Hart v. Bayer Corp., 199 F.3d 239, 246 (5th Cir. 1999) citing Dodson v. Spiliada Maritime Corp., 951 F.2d 40, 42 (5th Cir. 1992).

As Judge Fallon noted in Murphy v. R.J. Reynolds Tobacco, 2001 WL 423074 (E.D.La. April 24, 2001):

> In Badon, the Fifth Circuit considered whether plaintiffs such as those in this case could sustain a cause of action under Louisiana law for redhibition against in-state cigarette distributors in order to determine whether plaintiffs had fraudulently joined non-diverse parties so as to prevent removal to federal court. See id. at 285. Although the Fifth Circuit certified this question to the Louisiana Supreme Court, the Louisiana Supreme Court declined the certification. Consequently, the Fifth Circuit concluded that "there is arguably a reasonable basis for predicting that plaintiffs might establish redhibition or article 2475 liability against the Louisiana wholesalers under Louisiana law as it stands today. Id. at 286.

Murphy, at *2. Based on the analysis found in Badon, it is pellucid that plaintiffs may maintain their redhibition claims against the wholesale non-diverse defendants. As such, this case must be remanded as the Court lacks subject matter jurisdiction with the presence of these non-diverse defendants. 28 U.S.C. § 1447(c).

As the defendants argued in the Murphy case, the defendants in the instant matter seek to raise affirmative defenses claiming that the redhibition claims have prescribed and/or are preempted by federal law. However, the Fifth Circuit has made clear the scope allowed with respect to this kind on inquiry in the context of a motion to remand.

> We have consistently held that claims of fraudulent joinder should be resolved by a summary judgment-like procedure whenever possible. Although the district court may "pierce the pleadings" to examine affidavits and other evidentiary material, it should not conduct a full evidentiary hearing on questions of fact, but rather should make a summary determination by resolving all disputed facts in favor of the plaintiff. Burden, 60 F.3d at 217 . . . . (other citations omitted)

Sid Richardson Co. v. Interenergy Resources Ltd., 99 F.3d 746, 751 (5th Cir. 1996).

The defendants have not demonstrated to this Court that "there is absolutely no possibility that the plaintiff[s] will be able to establish a cause of action against the in-state defendant[s] in state court." Murphy, at *2 citing Sid Richardson Carbon & Gasoline v. Interenergy Resources, Ltd., 99 F.3d 746, 751 (5th Cir. 1996). In particular, plaintiffs have alleged that Owens' injury was caused, inter alia, by the manipulation of the nicotine levels of the cigarettes. The myriad factual allegations arising from this contention alone taken in the light most favorable to the plaintiff requires the Court to remand this matter.

Several district court judges in the Fifth Circuit have remanded similar cases. <u>Cooper v. Brown & Williamson Tobacco Corp.</u>, C.A. No. 00-2539, (April 12, 2001) (Doc. 17) (Berrigan, J.); <u>Murphy v. R.J. Reynolds Tobacco</u>, 2001 WL 423074 (E.D.La. April 24, 2001) (Fallon, J.); <u>Neustrom v. R.J. Reynolds Tobacco Co.</u>, C.A. No. 00-1333 (Aug.29, 2001) (Doc.48) (Doherty, J.); <u>Martin v. Philip Morris, Inc.</u>, C.A. No. 99-799-B-M3 (Sept. 10, 2001) (Dalby, Mag. J.). However, other judges have not. For instance, Judge Clement of the Eastern District of Louisiana, in <u>Scott v. R.J. Reynolds Tobacco Co.</u>, C.A. 99-3091 (July 12, 2001) (Doc. 48), did not remand on the basis that the causes of action against the Louisiana defendants were prescribed. The court quoted extensively from deposition testimony and held that the deceased knew of her addiction in the 1970's. Here, the plaintiff was not diagnosed with cancer until 1999, and as stated there is an allegation that the defendants manipulated or knew of manipulation intentionally increasing the addictive quality of cigarettes. Therefore, there are questions of fact here as to when the plaintiff knew he was harmed and whether that harm was caused, *inter alia*, by the manipulation. Accordingly,

**IT IS ORDERED** that pursuant to 28 U.S.C. 1447(c) the Motion to Remand is **GRANTED** and this matter is **REMANDED** to the 22nd District Court for the Parish of Washington, State of Louisiana.

New Orleans, Louisiana, this _21st_ day of September, 2001.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE